IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| SIERRA FOREST APARTMENTS, and MSC PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KEISHA COLLINS, and All Other Occupants, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:17-CV-2304-ODE-JFK |

## FINAL REPORT AND RECOMMENDATION

The above-styled case has been removed from the Magistrate Court of Cobb County [Doc. 1-1] and is before the undersigned on Defendant Keisha Collins' application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

**I.    Background Facts**

Plaintiffs Sierra Forest Apartments and MSC Properties, LLC, the owners (or agents of the owner) of the real property commonly known as 6660 Mableton Parkway, Unit Building 3700, Apartment 8, Mableton, Georgia, 30126, filed a proceeding against tenant holding over in the Magistrate Court of Cobb County, Georgia, on May 31, 2017, against Defendant Keisha Collins ("Collins") and all other occupants for failure to pay rent now past due.  [Doc. 1-1 at 3 ("Dispossessory Proceeding")].[1]

On June 20, 2017, Defendant Collins filed a "NOTICE OF REMOVAL AND FEDERAL STAY OF EVICTION . . ." from the Magistrate Court of Cobb County, Georgia.  [Doc. 1-1 ("Notice of Removal")].  Although Defendant is required to file along with the notice of removal the entire docket of the case being removed, see 28 U.S.C. § 1446(a),[2] Defendant's notice of removal only contained a copy of the Plaintiffs' initial filing, the single-page proceeding against tenant holding over.  [Dispossessory Proceeding].   The Dispossessory Proceeding indicates that it was served on Defendant on June 7, 2017, and that Defendant's answer was due on or

---

[1] The court's page citation is to the CM/ECF pagination.

[2] Section 1446(a) provides in pertinent part, "A defendant . . . shall file in the district court . . . a notice of removal . . . together with a copy of *all* process, pleadings, and orders served upon such defendant . . . ."  28 U.S.C. § 1446(a) (emphasis added).

2

before June 14, 2017. [Dispossessory Proceeding]. The Cobb County docket for Case ID: 17-E-08078 reflects that Defendant has not filed an answer and that a dispossessory hearing is scheduled for June 30, 2017, at 9:00 a.m.[3]

## II.   Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "'In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" SBS 276, LLC v. Walker, 2013 WL 3784988, at *2 (N.D. Ga. July 17, 2013) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)); and see Dabney v. Shapiro & Fishman, LLP, 2012 WL 10816231, at *2 (N.D. Fla. February 9, 2012) ("Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity."). "If at any time before final judgment it appears that the

---

[3] See MSC Properties, LLC v. Keisha Collins, AAO, Case ID:17-E-08078 at https://courtconnect.cobbcounty.org:4443/ccmag/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=17-E-08078&be (last visited June 22, 2017).

3

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant appears to rely upon federal question jurisdiction as her basis for removal. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiffs, the masters of the claim, relied exclusively on state law when they filed a proceeding against tenant holding over naming Defendant

4

in the Magistrate Court of Cobb County. [Dispossessory Proceeding]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); <u>Ikomoni v. Executive Asset Management, LLC</u>, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added); <u>see also</u> <u>Fennelly v. Lyons</u>, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same). Defendant Collins contends in conclusory fashion that, "The proceedings occurring are in violation of the Uniform Commercial Code and 15 USC [§] 1692 and Rule 60 of the Federal Rule[s] of Civil Procedure." [Notice of Removal at 1]. However, nothing in the record establishes that a federal question is presented by Plaintiffs' dispossessory proceeding, and the only federal issues raised are in Defendant's defenses stated in the notice of removal to the dispossessory proceeding. [Notice of Removal]. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. <u>Caterpillar</u>, 107 S. Ct. at 2430.

Defendant Collins also appears to erroneously represent in the Civil Cover Sheet that removal jurisdiction is proper given that the Plaintiff is the United States

5

Government.[4]  [Civil Cover Sheet].  Title 28, United States Code, Section 1345 is entitled "United States as plaintiff" and provides that:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

28 U.S.C. § 1345.  Because the Plaintiffs are clearly both private entities and are not agencies or officers expressly authorized to sue on behalf of the United States by Congress, the United States is not a party-plaintiff in the underlying dispossessory proceeding.  Thus, § 1345 does not afford Defendant Collins a basis for removal.

Furthermore, as best the court can determine, Defendant Collins does not assert, and there is no evidence, that she could establish jurisdiction based on diversity.  To do so, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiffs and that the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a)(1); and see MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant

---

[4]The Civil Cover Sheet directs the litigant to select, by placing an "X" in one box only, one of four specified bases for jurisdiction, including 1) U.S. Government – Plaintiff; 2) U.S. Government – Defendant; 3) Federal Question (U.S. Government Not A Party); and 4) Diversity (Indicate Citizenship Of Parties In Item III). [Notice of Removal, Doc. 1-2 ("Civil Cover Sheet")].  Defendant Collins selected the first jurisdictional basis by placing a handwritten check mark beside "U.S. Government – Plaintiff[.]"

in a diversity action be a citizen of the same state as any plaintiff."). There is no evidence of diversity of citizenship. Defendant asserts that one or more of the Plaintiffs are citizens of the State of Georgia yet does not indicate (by placing an "X" in a box) her own citizenship. [Civil Cover Sheet]. The court presumes that because Defendant Collins was living in the State of Georgia at the time of removal, Collins is likewise a Georgia citizen, which would defeat complete diversity. See MacGinnitie, 420 F.3d at 1239. As to damages, Plaintiffs' dispossessory proceeding seeks possession as well as ejectment of Defendant and all others from the property due to failure to pay past due rent of $343.81 and rent accruing to the date of judgment or vacancy at a rate of $749.00 per month and other fees and costs of less than $1,000.00. [Dispossessory Proceeding]. Again, the court looks to Plaintiffs' claim to determine whether removal jurisdiction is appropriate. See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) ("the status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow") (citations and internal quotation marks omitted; emphasis in original). The face of the complaint shows that the amount in controversy does not

exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal. Accordingly, Defendant Collins has not established that this court has diversity jurisdiction.

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

Finally, Defendant seeks a stay of the dispossessory proceedings and/or eviction. Defendant states that, "Pursuant to the provisions of section 28 USCA [§] 1446(D) [t]he Magistrate court of Fulton [Cobb] county shall not proceed with any eviction of the perimeter from the real property that is [the] subject matter of this case until it is remanded or so ordered from the United States District Court." [Notice of Removal at 1]. However, it is well established that Defendant is not entitled to a stay of the dispossessory proceedings. See <u>American Homes 4 Rent Properties Eight, LLC v. Dynott</u>, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief [s]he seeks - a stay of state court eviction proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); <u>U.S. Bank National Ass'n v. Sanders</u>, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015)

8

("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); and see CF Lane, LLC v. Stephens, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction").

### IV.	Conclusion

Accordingly, because Defendant Collins has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Cobb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED THIS** 23rd day of June, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

9