IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIERRA FOREST APARTMENTS
and MSC PROPERTIES, LLC,

    Plaintiff,

v.

KEISHA COLLINS, and All Other
Occupants

    Defendant.

1:17-cv-2304-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of Cobb County, Georgia.

## I.    BACKGROUND

On May 31, 2017, Plaintiffs Sierra Forrest Apartments and MSC Properties (together "Plaintiffs") filed, in the Magistrate Court of Cobb County, Georgia,[1] a dispossessory proceeding against their tenant, Defendant Keisha Collins

---

[1] No. 17E08078

("Defendant").[2] The dispossessory proceeding seeks possession of the premises occupied by Defendant, and past due rent, fees and costs.

On June 20, 2017, Defendant, proceeding *pro se*, removed the Cobb County dispossessory action to this Court by filing a Notice of Removal [2] and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert in the removal petition that federal question jurisdiction exists because "the proceedings occurring are in violation of the Uniform Commercial Code and 15 USC 1692 Rule 60 of the Federal Rules of Civil Procedure."  (Notice of Removal [2] at 1).  Defendant also alleges that removal is proper because one of the Plaintiffs is the United States Government.  (Civil Cover Sheet [2.1] at 1).

On June 23, 2017, Magistrate Judge King granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed.  The "Complaint," in this case, asserts a state court dispossessory claim.  The Notice of Removal [2] appears to assert the existence of federal defenses or counterclaims, as the grounds for proposed federal question jurisdiction.  The Magistrate Judge found that

---

[2]   This case is brought against Keisha Collins "and all other occupants." Keisha Collins filed the Notice of Removal, did not identify "other occupant" defendants and the Court considers Collins as the sole defendant in this action.

claimed federal defenses or counterclaims do not confer federal question jurisdiction. A federal question must be stated in the well-pleaded complaint. The Magistrate Judge found that the United States Government is not a Plaintiff and, finding further that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have federal jurisdiction over this action and recommended that the Court remand the case to the Magistrate Court of Cobb County. (R&R [3] at 1).

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must

conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  In this case there are no objections and the Court reviews the R&R for plain error.

    B.    Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question.  It is well-settled that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that assertion of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1,6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Defendant states, in the Notice of Removal, that "the proceedings occurring are in violation of the Uniform Commercial Code and 15 USC [§] 1692 and Rule 60 of the Federal Rule[s] of Civil Procedure."  (Notice of Removal [2] at 1).  The federal issues raised by the Defendant are defenses to the dispossessory action and therefore are not a basis for removal based on the presence of a federal question.

Defendant also incorrectly represents that the United States Government is a party in this action.  It is not.  "Because Plaintiffs are clearly both private entities and are not agencies or officers expressly authorized to sue on behalf of the United

States by Congress," removal, under 28 U.S.C. § 1345, is not proper.

Although not alleged in the Notice of Removal, the Court also concludes that diversity jurisdiction is not present in this action.  Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).  The Defendant here does not, in the Notice of Removal, state the citizenship of either party and does not allege facts to establish diversity jurisdiction.[3]  Even if complete diversity was alleged, the amount-in-controversy requirement is not met.  "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d. 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather a dispute

---

[3]  On the Civil Cover Sheet, Defendant lists Plaintiffs as "citizen of this state" but fails to allege her own citizenship.  "The court presumes that because Defendant Collins was living in the State of Georgia at the time of removal, Collins is likewise a Georgia citizen, which would defeat complete diversity." (R&R [3] at 7).

over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). Removal based on diversity of citizenship is not available in this case.

The Court lacks both federal question and diversity jurisdiction and this action is required to be remanded to the Cobb County Magistrate Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Cobb County, Georgia.

**SO ORDERED** this 28th day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE